IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARCUS DEWAYNE MCQUEEN,** ) <br> **AIS# 177303** ) <br>  ) <br> Plaintiff, ) <br>  ) <br> vs. ) <br>  ) <br> **DEPARTMENT OF CORRS.,** *et al.*, ) <br>  ) <br> **Defendants.** ) | CIV. A. NO. 24-00292-TFM-N |

## REPORT AND RECOMMENDATION

Plaintiff Marcus Dewayne McQueen, a prisoner at Limestone Correctional Facility, filed an action under 42 U.S.C. § 1983. (Doc. 1). He also filed an incomplete motion to proceed without prepayment of fees, or *in forma pauperis*.[1] (Doc. 2). Upon review of the complaint and Plaintiff's prior litigation history, it is **RECOMMENDED** that this Court **DENY** Plaintiff's Motion to Proceed *in forma pauperis* and **DISMISS** this action without prejudice pursuant to 28 U.S.C. § 1915(g), because Plaintiff is barred from proceeding *in forma pauperis* and did not pay the filing and administrative fee when he filed this action.

The Prison Litigation Reform Act ("PLRA"), enacted "to curtail abusive prisoner litigation," *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), includes restrictions on prisoners filing certain civil rights actions in federal courts. In particular, Section 1915 only allows a prisoner to file three meritless suits in federal courts, after which he "must pay the full filing fee at the time he initiates suit." *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir.

---

[1] This case is before the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). (Doc. 3).

2001). Specifically, the "three-strikes" provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When the three-strikes provision is applicable, the Eleventh Circuit has established "that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Dupree,* 284 F.3d at 1236. Furthermore, "the prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." *Id*. The only exception to this three-strike rule is when Plaintiff has pled that he "is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Review of federal court records reveals that Plaintiff has filed at least three federal court cases which courts have dismissed as frivolous or for failing to state a claim upon which relief may be granted under § 1915. Indeed, Plaintiff has previously had at least eight separate federal court cases in Alabama dismissed pursuant to the three-strike provision, including:

> *McQueen v. Wright*, No. 1:20-cv-00157-TFM-N (S.D. Ala. filed March 17, 2020) (dismissed on March 2, 2021, pursuant to 28 U.S.C. § 1915(g) as McQueen failed to pay the filing fee at the time he filed the action (docs. 18, 21, 22)); *McQueen v. St. Vincent Hosp.*, No. 2:20-cv-00371-MHH-SGC (N.D. Ala. filed March, 18, 2020) (dismissed on July 29, 2020, for failure to pay the filing fee after the court determined 28 U.S.C. § 1915(g) barred McQueen from proceeding in forma pauperis (docs. 5, 6)); *McQueen v. Dep't of Corr.*, No. 1:20-cv-00338-CG-MU (S.D. Ala. filed June 30, 2020) (dismissed on August 19, 2020, pursuant to 28 U.S.C. § 1915(g) as McQueen failed to pay the filing fee at the time he filed the action (docs. 8, 10, 11)); *McQueen v. Ala. Dep't of Corr.*, No. 1:20-cv-00363-KD-B (S.D. Ala. filed July 20, 2020) (dismissed on August 28, 2020, pursuant to 28 U.S.C. § 1915(g) as McQueen failed to pay the filing fee at the time he filed the action (docs. 6, 7, 8)); *McQueen v. Grocery Store*, No. 2:20-cv-01034-RDP- SGC (N.D. Ala. filed July 21, 2020) (dismissed on August 24, 2020, pursuant to 28 U.S.C. § 1915(g) as

plaintiff failed to pay the filing fee at the time he filed the action (docs. 6, 7, 8)); and *McQueen v. Mathis*, No. 5:22- cv-00958-ACA-HNJ (N.D. Ala. filed July 29, 2022) (dismissed on October 13, 2022, pursuant to 28 U.S.C. § 1915(g) as plaintiff failed to pay the filing fee at the time he filed the action (docs. 4, 8, 9)); and *McQueen v. Ala. Dep't of Corr.*, No. 523CV00571LCBHNJ (N.D. Ala. Filed June 2, 2023) (dismissed on July 7, 2023, pursuant to 28 U.S.C. § 1915(g) as plaintiff failed to pay the filing fee at the time he filed the action (docs. 4, 5);[and *McQueen v. Dep't of Corrs.,* No. CV 1:23-00270-JB-N, 2023 WL 5356250, at *3 (S.D. Ala. Filed July 19, 2023) (dismissed on August 21, 2023, pursuant to 28 U.S.C. § 1915(g) as plaintiff failed to pay the filing fee at the time he filed the action).]

*McQueen v. Dep't of Corrs.,* No. CV 1:23-00270-JB-N, 2023 WL 5356250, at *3 (S.D. Ala. July 24, 2023), *report and recommendation adopted,* No. CV 23-00270-JB-N, 2023 WL 5352618 (S.D. Ala. Aug. 21, 2023).

Because Plaintiff has previously had three-strikes under § 1915(g), and he did not pay the filing fee when filing this action, his case cannot proceed unless he can show he "is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

> In determining whether a prisoner has proved imminent danger of serious physical injury, this Court looks to the complaint, construing it liberally and accepting its allegations as true. In so doing, the Court considers whether [the prisoner's] complaint, as a whole, alleges imminent danger of serious physical injury, not whether each specific physical condition or affliction alleged alone would be sufficient. General assertions, however, are insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.

*Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021), *cert. denied,* 142 S. Ct. 2716 (2022) (internal quotations and citations omitted). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen*, No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished).

In his complaint, Plaintiff asserts broad, conclusory allegations regarding the prison system as a whole, stating:

3

> Hit men, gang members, inmates, correction officers, stick-up-girls, x offenders, x convicts, parolee's, jailers, drug dealers in prison are still putting hit on plaintiff as well as other inmate all over Alabama knowingly done, from prisons to prisons coming from Blood, Crips, GD's on the streets sending hit men into the penalty system send bugs inside the prisons. Gang members are putting hit on people, using corrections officers [] to put hits on inmates, for drugs and money. Wardens, corrections officers are bringing keys of cocaine pounds of week, ICE, Paper Route, Brown Clown impairing violent inmates hindering plaintiff from living or making parole. All criminals are lying and will not tell the truth, giving false information. Corrections officers, staff, employees, will not tell the truth, even in Court or County Jails. The law will not tell the truth.

(Doc. 1 at 4-5).

While these conditions of confinement, taken as a whole, describe a potentially dangerous prison environment, the allegations completely fail to demonstrate that Plaintiff faces imminent danger of serious physical injury or harm. (*See* Doc. 1); *see Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Plaintiff has failed to show that he personally is a target of a hit, as the complaint lacks any factual allegations related to a specific threat of harm asserted against him, fear for his life, or identification of any specific harm. Nor does Plaintiff express experiencing or that he would experience an imminent serious physical injury at the time his complaint was filed. *Medberry*, 185 F.3d at 1193 (Plaintiff bears the burden of showing that he was in imminent danger or serious physical injury when he filed his complaint.). Instead, Plaintiff states only general, conclusory allegations of the prison. *Brown v. Johnson,* 387 F.3d 1344, 1349 (11th Cir.2004) (The Eleventh Circuit requires specific allegations of present imminent danger that may result in serious physical harm – "vague allegations of harm and unspecific references to injury are insufficient.").

For these reasons, the undersigned **RECOMMENDS** that this Court **DENY** Plaintiff's Motion to Proceed without prepayment of fees (Doc. 2) because Plaintiff did not pay the filing and administrative fees of $405 when he filed his complaint. The undersigned further **RECOMMENDS** the Court **DISMISS** this action without prejudice pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this **9th** day of **September, 2024**

　　　　　　　　　　　　　　　　　　**/s/ KATHERINE P. NELSON**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**